

**United States Department of Justice**

United States Attorney
Southern District of West Virginia

Sidney L. Christie Federal Building
and United States Courthouse
845 Fifth Avenue, Room 209
Huntington, WV 25701
PHONE: 304-529-5799
FAX: 304-529-5545



August 29, 2016

Louie Thompson Price, Esquire
Tom Price Law
Suite 305
604 Virginia Street, East
Charleston, WV 25301

    Re: United States v. Sean Lee Braggs,
        also known as "Beezy"
        Criminal No. _____ (USDC SDWV)

Dear Mr. Price:

This will confirm our conversations with regard to your client, Sean Lee Braggs, also known as "Beezy" (hereinafter "Mr. Braggs"). As a result of these conversations, it is agreed by and between the United States and Mr. Braggs as follows:

    1. **PENDING CHARGES.** Mr. Braggs is charged in two counts of a twenty-four count second superseding indictment as follows:

      (a) Count One charges Mr. Braggs with a violation of 21 U.S.C. § 846 (conspiracy to distribute 1 kilogram or more of heroin, 28 grams or more of cocaine base, a quantity of marijuana, and a quantity of alprazolam);

      (b) Count Nineteen charges Mr. Braggs with a violation of 21 U.S.C. § 843(b) (use of a communication facility in committing, causing, and facilitating a felony controlled substance offense).

    2. **CHARGING AGREEMENT.** Mr. Braggs agrees to waive his

                                                          SB
                                                    Defendant's
                                                      Initials

Louie Thompson Price, Esquire
August 29, 2016                    Re: Sean Lee Braggs
Page 2

right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a one-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

3. **RESOLUTION OF CHARGES.** Mr. Braggs will plead guilty to a violation of 21 U.S.C. § 846 (conspiracy to distribute a quantity of heroin) as charged in said information. Following final disposition, the United States will move the Court to dismiss Counts One and Nineteen in Criminal No. 3:16-00092-04 as to Mr. Braggs.

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Braggs will be exposed by virtue of this guilty plea is as follows:

   (a) Imprisonment for a period of 20 years;

   (b) A fine of $1,000,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

   (c) A term of supervised release of at least 3 years;

   (d) A mandatory special assessment of $100.00 pursuant to 18 U.S.C. § 3013;

   (e) Pursuant to 21 U.S.C. § 862(a)(1), the Court may deny certain federal benefits to Mr. Braggs for a period of 5 years; and

   (f) Restitution as may be ordered by the Court pursuant to 18 U.S.C. §§ 3663 and 3664.

5. **ABANDONMENT OF FIREARM.** Mr. Braggs hereby agrees to release, relinquish, waive or abandon to the United States or to the State of Ohio any and all right, title and interest he may have in the following firearm: a Springfield XD .40 caliber pistol, serial number XD317741, seized on or about April 18, 2016, by the

*SB*
Defendant's Initials

Louie Thompson Price, Esquire
August 29, 2016                    Re: Sean Lee Braggs
Page 3

Ohio State Highway Patrol. The firearm abandoned by Mr. Braggs under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to law.

6. **SPECIAL ASSESSMENT.** Mr. Braggs has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case. Mr. Braggs agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

7. **PAYMENT OF MONETARY PENALTIES.** Mr. Braggs agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Braggs further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8. **COOPERATION.** Mr. Braggs will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Braggs may have counsel present except when appearing before a grand jury.

9. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Braggs, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by Mr. Braggs pursuant to this agreement, or any evidence developed therefrom, will be used against Mr. Braggs, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range

_____
Defendant's Initials

Louie Thompson Price, Esquire
August 29, 2016                    Re: Sean Lee Braggs
Page 4

under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Braggs for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Braggs for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Braggs stipulate and agree that the facts comprising the offenses of conviction, and the relevant conduct for that offense, include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Braggs agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Braggs or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Braggs knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Braggs understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the

_____
Defendant's Initials

Louie Thompson Price, Esquire
August 29, 2016
Page 5

Re: Sean Lee Braggs

plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Braggs agree that the following provisions of the United States Sentencing Guidelines apply to this case.

| | |
|---|---|
| USSG §2D1.1(c)(5) - Base Offense Level | 30 |
| USSG §2D1.1(b)(1) - Possession of Firearm | +2 |
| Adjusted Offense Level (Prior to Acceptance) | 32 |

The United States and Mr. Braggs acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Braggs knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Braggs also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

SB
_____
Defendant's
Initials

Louie Thompson Price, Esquire
August 29, 2016                    Re: Sean Lee Braggs
Page 6

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT.** Mr. Braggs knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United States reserves the right to:

  (a) Inform the Probation Office and the Court of all relevant facts and conduct;

  (b) Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

  (c) Respond to questions raised by the Court;

  (d) Correct inaccuracies or inadequacies in the presentence report;

  (e) Respond to statements made to the Court by or on behalf of Mr. Braggs;

  (f) Advise the Court concerning the nature and extent of Mr. Braggs' cooperation; and

  (g) Address the Court regarding the issue of Mr. Braggs' acceptance of responsibility.

16. **VOIDING OF AGREEMENT.** If either the United States or

_SB_
Defendant's Initials

Louie Thompson Price, Esquire
August 29, 2016   Re: Sean Lee Braggs
Page 7

Mr. Braggs violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

17. **ENTIRETY OF AGREEMENT.** This written agreement constitutes the entire agreement between the United States and Mr. Braggs in this matter. There are no agreements, understandings or recommendations as to any other pending or future charges against Mr. Braggs in any Court other than the United States District Court for the Southern District of West Virginia.

Acknowledged and agreed to on behalf of the United States:

CAROL A. CASTO
United States Attorney

By: *[signature]*
JOSEPH F. ADAMS
Assistant United States Attorney

JFA/sdw

*[initials: SB]*
Defendant's
Initials

Louie Thompson Price, Esquire
August 29, 2016
Page 8

Re: Sean Lee Braggs

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eight-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
SEAN LEE BRAGGS
Defendant

11/12/16
Date Signed

_____
LOUIE THOMPSON PRICE, ESQUIRE
Counsel for Defendant

11/14/16
Date Signed

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. _____
                                      21 U.S.C. § 846

SEAN LEE BRAGGS
    also known as "Beezy"

## I N F O R M A T I O N

The United States Attorney Charges:

From at least the summer of 2014 to in and around May of 2016, at or near Huntington, Cabell County, West Virginia, within the Southern District of West Virginia and elsewhere, defendant SEAN LEE BRAGGS, also known as "Beezy," together with persons whose identities are both known and unknown to the United States Attorney, knowingly conspired to commit offenses in violation of 21 U.S.C. § 841(a)(1), that is knowingly and intentionally to distribute a quantity of heroin, a Schedule I controlled substance.

In violation of Title 21, United States Code, Section 846.

UNITED STATES OF AMERICA

CAROL A. CASTO
United States Attorney

By: _____
JOSEPH F. ADAMS
Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON

UNITED STATES OF AMERICA

v.                                             CRIMINAL NO.

SEAN LEE BRAGGS
    also known as "Beezy"

## STIPULATION OF FACTS

The United States and Sean Lee Braggs, also known as "Beezy" (hereinafter "Mr. Braggs") stipulate and agree that the facts comprising the offense of conviction (Count One in the Information to be filed in the Southern District of West Virginia, and the relevant conduct for that offense, include the following:

From approximately the summer of 2014 to in and around May of 2016, Mr. Braggs conspired with other individuals, including but not limited to Atari Seantay Brown, also known as "D," and Corey Bruce Toney, also known as "White Boy", in the distribution of heroin, a schedule I controlled substance, in and around the Huntington area and within the Southern District of West Virginia. During this time period, Mr. Braggs transported heroin and cocaine from Michigan to Huntington for distribution at the direction of Mr. Brown. Mr. Braggs also transported proceeds from drug distributions from the Huntington area to Michigan when directed by Mr. Brown. When traveling to and from Michigan and Huntington, Braggs concealed drugs and proceeds in a Buick Park Avenue (hereinafter "the vehicle") containing a hidden compartment behind the rear seat which could be accessed through electronic controls. Mr. Braggs further made distributions of heroin to various individuals in the Huntington area when directed by Mr. Brown.

On or about April 18, 2016, Mr. Braggs was transporting drug proceeds in the vehicle from the Huntington area to Michigan when the vehicle was disabled. Mr. Braggs contacted Mr. Brown by telephone and Mr. Brown arranged to have the vehicle towed to Michigan. Troopers with the Ohio State Highway Patrol subsequently

_SB_
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**

conducted a traffic stop of the tow truck which was towing the vehicle on Interstate 75 in northern Ohio. Mr. Braggs was a passenger in the tow truck at the time of the traffic stop. Troopers located and seized a total of $181,490 in United States currency, which constituted drug proceeds, from the vehicle's hidden compartment. Troopers also seized a loaded Springfield XD .40 caliber pistol from Mr. Braggs which Mr. Braggs had concealed in a gym bag.

### Relevant Conduct and Total Drug Weight

The parties stipulate and agree that the total amount of offense and relevant conduct attributable to Mr. Braggs at sentencing is the equivalent of at least 1,000 KG but less than 3,000 KG of marijuana.

This Stipulation of Facts does not contain each and every fact known to Mr. Braggs and to the United States concerning his involvement and the involvement of others in the charge set forth in the Information.

Stipulated and agreed to:

_____     11/12/16
SEAN LEE BRAGGS               Date
Defendant

_____     11/14/16
LOUIE THOMPSON PRICE, ESQUIRE Date
Counsel for Defendant

_____     11/28/16
JOSEPH F. ADAMS               Date
Assistant United States Attorney

SB
Defendant's
Initials

**PLEA AGREEMENT EXHIBIT B**
2